The Honorable Rita Gruber Circuit/Chancery Judge Sixth Judicial District 3201 West Roosevelt Road Little Rock, Arkansas 72204
Dear Judge Gruber:
This is in response to your request for an official opinion as to whether A.C.A. § 16-90-718, which provides for the imposition of court costs to fund the Crime Victims Reparations Revolving Fund, is applicable to juvenile court. An informal opinion of this office was issued to you on November 13, 1991, which answered this question in the negative. You now point out several provisions of law which you would like considered in response to this question, and ask my formal opinion on this same question and one additional question.
It is my opinion that the answer to your first question, as noted in the informal opinion, is "no."
That opinion noted that A.C.A. § 16-90-718(a) (Cum. Supp. 1991) provides as follows:
 In addition to the imposition of any costs, penalties, or fines imposed pursuant to law, any person convicted of, or pleading guilty or nolo contendere to, a felony or a misdemeanor for violation of state law or local ordinance, the court shall levy a victim reparations assessment of twenty dollars ($20.00) for each felony and ten dollars ($10.00) for each misdemeanor violation of state law or local ordinance, upon every fine, penalty, and forfeiture imposed and collected.
As noted in the informal opinion, this provision does not apply to juvenile court because juveniles in those courts are not "convicted" but are rather found to be delinquent. You indicate, however, that although this is true, juveniles do plead guilty or nolo contendere, and you believe this brings these types of juvenile proceedings within the statute. I disagree. Even if juveniles plead guilty or nolo contendere, in juvenile court, they do not plead guilty or nolo contendere to felonies or misdemeanors as required by the statute. In order to plead guilty or nolo contendere to a felony or misdemeanor, in my opinion, one must be charged with such a crime.
Additionally, you reference A.C.A. § 16-90-702 (Cum. Supp. 1991) which sets out the legislative intent of the act creating the Crime Victims Reparations Fund, wherein it states:
 It is the intent of the General Assembly to provide a method of compensating and assisting those persons within the state who are victims of criminal acts
and who suffer personal injury or death. To this end, it is the further intent of the General Assembly to provide reparations, in the amount of expenses actually incurred as a direct result of the criminal acts of other persons, up to a maximum reparations amount of ten thousand dollars ($10,000). [Emphasis yours.]
You state that this section does not distinguish between adult and juvenile criminal acts. While this is true, this provision of law does not govern the instances in which the funding mechanism of the subchapter (the ten and twenty dollar fees) applies. This provision, rather, lends more interpretive weight to the subject of your second question, which addresses the persons entitled to receive compensation from the collected funds, as opposed to the persons funding the reparations.
Finally, in relation to your first question, you reference A.C.A. § 9-27-302 where it states that one of the purposes of the juvenile code is to protect society more effectively "by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution. . . ." Further, you note, A.C.A. § 9-27-330(6) (Cum. Supp. 1991) provides that the juvenile court may order restitution to be paid by the juvenile or his parent, guardian, or custodian. Applying the Crime Victims Reparation Act to juvenile matters, you conclude, would be in accordance with these stated restitutionary goals. It is my opinion, however, that these provisions of the juvenile code cannot override the specific statute delineating upon which offenses the reparations fees are to be charged.
It is therefore my opinion, as concluded in the informal opinion, that the answer to your first question is "no."
Your second question is as follows:
 If the court costs imposed by A.C.A. § 16-90-718 are not mandated in juvenile proceedings, may an uncompensated victim of a juvenile offense seek relief from the fund?
It is my opinion that the answer to this question is "yes."
Act 817 of 1987, which created the Crime Victims Reparations Board and provided the funding for reparations granted thereby, provides reparations to "victims," as defined at A.C.A. §16-90-703(2), and "dependents," as defined at A.C.A. §16-90-703(3), each of whom, under certain circumstances, may be "claimants" under the act. "Victim" is defined as a person who suffers personal injury or death as a result of "criminally injurious conduct." "Dependent" under the act is defined generally as anyone wholly or partially dependent upon a victim who died as a result of "criminally injurious conduct." "Criminally injurious conduct" is defined as meaning:
 an act which occurs or is attempted in this state that results in personal injury or death to a victim, which act is punishable by fine, imprisonment, or death. . . . For the purposes of this subchapter, a person shall be deemed to have committed criminally injurious conduct notwithstanding that by reason of age, insanity, drunkenness, or other reason, he was legally incapable of committing a crime. [Emphasis added.]
It is my opinion that this definition would include acts committed by juveniles.
It is therefore my opinion that the answer to your second question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh